OPINION

JAMES G. WILCOXEN, Justice.
THIS MATTER COMES here on appeal from an order entered in the Cherokee Nation District Court denying in-junctive and declaratory relief to the Petitioner, Larry Paden, and sustaining a motion for summary judgment filed by the Respondent, Cherokee Nation Election Commission. That Order was entered herein on March 26, 2015.
The heart of the controversy centers around Cherokee law mandating that the Cherokee Nation Election Commission provide in person absentee voting at the Election Commission Office located in Tah-lequah, Oklahoma. The law also makes it discretionary with the Commission as to the number of days allowed for early in person absentee voting and whether or not other locations should be permitted. Title 26 Section 62D.
The Election Commission has determined for purposes of this election to allow three (3) days of early voting at the Election Commission Office. The Election Commission has further determined that for reasons of cost, security and staffing that early in person absentee voting will only be allowed at the Election Commission Office located in Tahlequah, Oklahoma. Petitioner Paden complains that this practice constitutes an unfair denial of equal protection to Cherokees who do not live in the Tahlequah area. Having said that, admittedly, those Cherokees may avail themselves of driving to the Election Commission Office to vote in person absentee or using the mail to vote their absentee ballots. Of course, all Cherokees also have *347 the option of voting in person at their assigned precinct on election day.
Because Cherokee citizens live literally all over the world, there will never be any circumstances which make the convenience of voting equal among the Tribe’s citizens. Notwithstanding, the fact that voting may not be quite as convenient for some Cherokee voters as it is for others, this Court is mindful to the concerns of the Election Commission with regard to implementing additional sites for early voting.
We find that the concerns of the Election Commission are valid and that the Commission’s imposition of reasonable restrictions upon Cherokee voters is not a denial of equal protection. Cherokee law permitting in person absentee voting at the Election Commission Office and granting discretion to the Election Commission as to whether it should allow early in person absentee voting at other locations and the Commission’s decision not to allow the same constitute a reasonable justifiable burden on Cherokee voters. Burdick v. Takushi, Director of Elections of Hawaii, et al., 504 U.S. 428, 112 S.Ct. 2059, 119 L.Ed.2d 245 (1992); Anderson v. Celebrezze, 460 U.S. 780, 103 S.Ct. 1564, 75 LEd.2d 547 (1983).
IT IS THEREFORE THE RULING OF THIS COURT that, after considering all the evidence in the record and the arguments made by the parties that the order of the District Court entered herein on March 26, 2015, is HEREBY AFFIRMED.
IT IS SO ORDERED.
Concurring: TROY WAYNE POTEETE, Chief Justice, JOHN C. GARRETT, Justice, ANGELA JONES, Justice, LYNN BURRIS, Justice.